Mrs Charity Davis,Appellant

vs                                          No.8755

Lyon Lumber Co.

Charles F.Claiborne,Judge.

April 30th 1923

8755

Court of Appeal
PARISH OF ORLEANS

4/30/23

H.J.Stansbury

Mrs Charity Davis,Appellant.

vs            No.8755

Lyon Lumber Co.

Charles F.Claiborne,Judge.

This is a suit under the Workman's Compensation Law.

The plaintiff alleged that she was married to George Davis on January 20th 1898;that her said husband while engaged in the discharge of his duties as a laborer in the employ of the Lyon Lumber Company at Garyville was killed on July 18th 1921, that at the time of his death his average weekly earning was $9.60; that she was the sole dependent of her said husband, and that by his death she was deprived of his support,and that there is due her under the Employers' Liability Act for a period of 300 weeks thirty per cent of his average weekly earnings, or $3.00 per week;and she prays for judgment accordingly.

Defendant admitted the employment and the wages but denied all the other allegations,especially the condition of dependence.

There was judgment in favor of the defendant rejecting plaintiff's demand,and she has appealed.

The plaintiff's claim depends upon the interpretation of the following section of Act.247 of 1920 p.470 :

S 2 : That injury causing death within one year after the accident,weekly compensation shall be paid under this act for a period of Three Hundred weeks to the following persons:

( A ) If widow or widower alone,and no children,then to such widow or evidence widower thirty per centum of wages. p 472 (1) No compensation shall be payable under this section to a widow unless she be living with her deceased husband at the time of the injury and death,or be then actually dependent upon him for support."

73

p 472 : " or In all cases provided for in this section the relation of dependency must exist at the time of the injury and at the time of the death."

Two questions therefore arise.

1st  Whether the widow was "living with her deceased husband at the time of the injury and death and

2nd  or was there actually dependent upon him for support.

I  The evidence establishes that the plaintiff wife had abandoned her husband at least fourteen years before and had lived with other men from whom she begot three children.

This seperation lasted until his death and would exclude her from the benefits of the compensation act under its very terms.C.J. Advance Sheets P.59

II  In 3 A 713 Armstrong vs Steeber,the Court denied the marital fourth to a wife who had abandoned her husband for several years to live in concubinage with another. In Pickens vs Gillam 43 A 350b the court denied the marital fourth to a husband who had deserted his wife for seventeen years.The Court said they were strangers to each other and it was as if they had not been married.In Richard vs Lazard 108 La 540 the Court denied the benefits of the $1000 homestead to a widow who had left her husband to live in open concubinage with another man.The Court said p.544"Her situation _Other abandoned women in_ was no more affected by his death than that of the City. He did not therefore leave her in necessitous circumstances within the meaning of the Article of the Code on which she relies and has no claim upon his succession."

" The test of dependency is always whether the contributions were relied upon th by the dependent as a means of living " 93 Att 245 .

" Where it appears that the seperation had not been by the act of the husband,but has been of the wife's own

accord,compensation will be denied.Thus where the evidence
shows that the wife had left the husband twelve years before
the accident of her own accord and had been supported during
that time by her own work and by the help of relatives and had
never asked for nor received help form the husband,she will
not be granted compensation as a dependent." Mc Inroy vs Mc
Glashen (Eng ) 6 Negligence Compensation Cases Annotated.248
idem- Polled vs Great Northern RRD.Co.p.248-idem Lee vs Bessie
p.249 -idem p.249-idem Keeling vs Colliery 240-9 N.C.C.A.585
586-5 N.C.C.A.694.

In this case there is evidence that the deceased on
few occasions donated small sums of money to his wife.But this
is not sufficient support to create dependency.6 N.C.C.A.249 .

Nor is it sufficient that the wife has,under the
law,the right to depend for support on her husband.6 N.C.C.A.
240 New Monckton Collieries vs Keeling (1911) A.C.648-
C.J.Advance. sheet p.57-

In Negory vs Standard Oil Co. 151 La 229 the Court
said:# " The statute under which the suit is brought ( Act 38
of 1918 ) names two classes of persons who are entitled to
recover compensation for the injury and death of an employee.
1st          Those who are conclusively presumed to be dependent;
and 2nd      those who are actually dependent upon the deceased
employee,to any extent for support at the time of the injury
and death.Those of the latter class are required to make proof
of their dependency.The plaintiffs belong to that class class xx
The statute does not attempt to define what shall constitute
"actual dependence for support to any extent",and the Court
cannot make any definite inflexible rule to govern every case.
Each case must be considered in the light of its own facts
and attending circumstances" C.J.advance sheet 1917 Workmen's
Compensation Acts p.55-.

There is evidence that a short time before his death

75

the deceased husband authorized the owner of a Country Store
to open an account in his name and to sell groceries to his
wife and charge them to his account; the items charged are small
and not sufficient to establish a case of support; Davis paid
on the acount once a while and his wife always came to pay.

It was financially impossible for Davis to have kept
up his own home and another besides with $9.60 a week .

It is sufficient for us in this case to say that
the plaintiff has not established that"at the time of the
injury and death of her husband she was then actually dependent
upon him for support."

The evidence shows that at that time she had aban-
doned the conjugal home for many years before,and had been
kept by other men in their homes,and even went by the name of
one of them,and had been supported by them,or by her own efforts
and that her husband did little or nothing towards her support
and that by his death she was not deprived of his support and
her situation was not affected for worse,and she lost nothing.

The judgment of the District Court is therefore
affirmed.

April 30th 1923 .